FILED by MM D.C.

Jul 20, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-60162-CR-DIMITROULEAS/HUNT**

Case No._____

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 3147
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

SHERRY JOSEPH,
    a/k/a "Mia Santos,"
    a/k/a "Gray,"
    a/k/a "Grey,"

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application

required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities and Individuals

5. Defendant **SHERRY JOSEPH**, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey," a resident of New York County, New York, was on pretrial release pursuant to an order dated October 23, 2019, from the United States District Court for the District of New Jersey, Case

No. 21-649-CR, which notified the defendant of the potential effect of committing an offense while on pretrial release.

6. James Stote was a resident of Broward County, Florida.

7. Andre Clark was a resident of Broward County, Florida.

8. Jericca Rosado was a resident of Contra Costa County, California, and Mecklenburg County, North Carolina.

9. McMiller Enterprises LLC ("McMiller Enterprises") was a North Carolina limited liability company with its registered address in Greensboro, North Carolina.

10. Eric Alexander McMiller, the registered agent and owner of McMiller Enterprises, was a resident of Guilford County, North Carolina.

11. LBRNO LLC ("LBRNO") was a North Carolina limited liability company with its registered address in Charlotte, North Carolina.

12. Joseph Marsell Cartlidge, the registered agent and owner of LBRNO, was a resident of Guilford County, North Carolina,

13. The Berneta E. Thames Foundation LLC (the "Thames Foundation") was a South Carolina limited liability company and charitable organization with its registered address in Hollywood, South Carolina.

14. Devonte Demond Thames, the registered agent and owner of the Thames Foundation, was a resident of Charleston County, South Carolina.

15. Vennings Liquor and Spirits LLC ("Vennings Liquor") was a South Carolina limited liability company with its registered address in Charleston, South Carolina.

16. Gary A. Venning, a close relative of the registered agent and owner of Vennings Liquor, was a resident of Dorchester County, South Carolina.

17. Company 1 was a California company with its registered address listed in Inglewood, California.

18. Individual 1, the registered agent and owner of Company 1, was a resident of Los Angeles County, California.

19. Bank 1, a financial institution based in Salt Lake City, Utah, was an approved SBA PPP lender that contracted with a financial technology company to process PPP loan applications.

### COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. §§ 1349 and 3147)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around May 2020, through in or around April 2021, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**SHERRY JOSEPH,**
a/k/a "Mia Santos,"
a/k/a "Gray,"
a/k/a "Grey,"

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with James Stote, Andre Clark, Jericca Rosado, Eric Alexander McMiller, Joseph Marsell Cartlidge, Devonte Demond Thames, Gary A. Venning, Individual 1, and others, to commit an offense against the United States, that is, to knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings,

signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343 and 3147.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** James Stote, Andre Clark, Jericca Rosado, Eric Alexander McMiller, Joseph Marsell Cartlidge, Devonte Demond Thames, Gary A. Venning, Individual 1, and others submitted and caused to be submitted fraudulent PPP loan applications for McMiller Enterprises, LBRNO, the Thames Foundation, Vennings Liquor, Company 1, and other entities via interstate wire communications, seeking funding from approved SBA PPP lenders.

5. Before the submission of these fraudulent PPP loan applications, **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** recruited, via Jericca Rosado and others, Eric Alexander McMiller, Joseph Marsell Cartlidge, Devonte Demond Thames, Gary A. Venning, Individual 1, and others, to apply for fraudulent PPP loans as part of the scheme, and to

5

agree to provide the defendant kickbacks from their PPP loan proceeds.

6. Using aliases, **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** relayed via interstate wire communications the information she collected from these recruits to James Stote and other co-conspirators, who used this information to prepare fraudulent PPP loan applications which included falsified bank statements and payroll tax forms, among other things, and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll.

7. As a result of the false and fraudulent PPP loan applications submitted as part of this scheme, Bank 1 and other financial institutions participating in the PPP disbursed millions of dollars in PPP loan proceeds via interstate wire transmissions, including approximately $463,530 to LBRNO, approximately $409,735 to the Thames Foundation, and approximately $454,272 to Vennings Liquor.

8. As compensation for facilitating the fraudulent PPP loans, **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** demanded and attempted to coordinate the payment of kickbacks to herself, Jericca Rosado, James Stote, and Andre Clark from individuals whom she believed had received fraudulent PPP loans through the scheme.

9. **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** and other co-conspirators used the proceeds from the fraud scheme to enrich themselves and others, and to further the conspiracy.

All in violation of Title 18, United States Code, Sections 1349 and 3147.

## COUNTS 2-7
## Wire Fraud
## (18 U.S.C. §§ 1343 and 3147)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**SHERRY JOSEPH,**
a/k/a "Mia Santos,"
a/k/a "Gray,"
a/k/a "Grey,"

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant and her accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and accomplices' personal use, the use and benefit of others, and to further the scheme and artifice.

7

## THE SCHEME AND ARTIFICE

4. The Manner and Means section of Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF WIRES

5. On or about the dates below, in the Southern District of Florida, and elsewhere, **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 2 | June 1, 2020 | Email transmission from **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** from outside of Florida to James Stote, in the Southern District of Florida, requesting fraudulent PPP loan for McMiller Enterprises. |
| 3 | June 1, 2020 | Email transmission from **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** from outside of Florida to James Stote, in the Southern District of Florida, attaching voided check for LBRNO. |
| 4 | June 5, 2020 | Wire transfer in the amount of $61,460 from the Wells Fargo account ending in 0827, belonging to the Thames Foundation, from outside of Florida to the Citibank account ending in 6828, belonging to James Stote, in the Southern District of Florida. |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 5 | June 9, 2020 | Text message from **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** from outside of Florida to James Stote, in the Southern District of Florida, indicating Gary Venning's full payment of a kickback in relation to fraudulent PPP loan disbursed to Vennings Liquor. |
| 6 | June 10, 2020 | Text message from **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** from outside of Florida to James Stote, in the Southern District of Florida, stating she had informed Individual 1 of the "25%" kickback Individual 1 owed Stote in relation to a fraudulent PPP loan disbursed to Company 1. |
| 7 | June 16, 2020 | Text message from **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** from outside of Florida to James Stote, in the Southern District of Florida, requesting fraudulent tax forms in support of fraudulent PPP loan applications. |

In violation of Title 18, United States Code, Sections 1343, 3147, and 2(a).

**FORFEITURE ALLEGATIONS**

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey,"** has an interest.

2. Upon conviction of a violation, or a conspiracy to commit a violation, of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained,

9

directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

For LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION

KIRAN BHAT
ASSISTANT UNITED STATES ATTORNEY

PHILIP B. TROUT
TRIAL ATTORNEY, FRAUD SECTION

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

SHERRY JOSEPH,
    a/k/a "Mia Santos," a/k/a "Gray,"
    a/k/a "Grey,"_____/
                Defendant.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☑ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take **14** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☐ 0 to 5 days
   - II   ☐ 6 to 10 days
   - III   ☑ 11 to 20 days
   - IV   ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **Yes**
   If yes, Judge _____ Case No. **SEE ATTACHED STATEMENT**

9. Defendant(s) in federal custody as of **Oct. 10, 2019, in 21-649-CR (D.N.J.)**

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Kiran N. Bhat
Assistant United States Attorney
FL Bar No.    1008370

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____

UNITED STATES OF AMERICA

vs.

SHERRY JOSEPH,
    a/k/a "Mia Santos,"
    a/k/a "Gray,"
    a/k/a "Grey,"

    Defendant.
_____/

## STATEMENT OF RELATED CASES

*United States v. Rosado*, 21-60211-CR-Martinez
*United States v. Thames*, 21-60125-CR-Altman
*United States v. Clark*, 21-60029-CR-Dimitrouleas
*United States v. Walker*, 20-60159-CR-Ruiz
*United States v. Bostic, et al.*, 20-60139-CR-Dimitrouleas
*United States v. Kelly*, 22-20168-CR-Scola
*United States v. Smith*, 21-20001-CR-Cooke
*United States v. Johnson*, 21-60017-CR-Altman
*United States v. Arnold*, 21-20331-CR-Bloom
*United States v. Denton*, 21-60171-CR-Smith
*United States v. Garcia*, 21-60146-CR-Altman
*United States v. Bain*, 21-60200-CR-Middlebrooks
*United States v. Bellamy*, 21-60064-CR-Altman
*United States v. Pierre*, 21-60288-CR-Dimitrouleas
*United States v. Duhart*, 21-60254-CR-Dimitrouleas
*United States v. Venning*, 22-60001-CR-Singhal
*United States v. Blanco*, 22-60085-CR-Ruiz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  SHERRY JOSEPH, a/k/a "Mia Santos," a/k/a "Gray," a/k/a "Grey"

**Case No**: _____

Count #: 1

　　　Conspiracy to Commit Wire Fraud, Offense Committed While on Pre-Trial Release

　　　Title 18, United States Code, Sections 1349 and 3147

* **Max. Term of Imprisonment:** 30 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Counts #: 2-7

　　　Wire Fraud, Offense Committed While on Pre-Trial Release

　　　Title 18, United States Code, Sections 1343 and 3147

* **Max. Term of Imprisonment:** 30 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines; does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.